IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JERRI JOETTE TILLETT,<br><br>Plaintiff,<br><br>vs.<br><br>BUREAU OF LAND MANAGEMENT, INTERIOR BOARD OF LAND APPEALS, and DEPARTMENT OF THE INTERIOR,<br><br>Defendants. | CV 16-148-BLG-SPW-TJC<br><br>**FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

## I.  Introduction

Plaintiff Jerri Joette Tillett ("Tillett") brought this action seeking to stop alleged ongoing malfeasance by Defendants Bureau of Land Management ("BLM"), Interior Board of Land Appeals ("IBLA"), and Department of the Interior ("DOI") (collectively, "Defendants"), with respect to the Pryor Mountain Wild Horse Range ("PMWHR"). (*See generally* Doc. 1.) Pending before the Court is Tillett's Motion for Preliminary Injunction. (Doc. 1.)[1]  Having reviewed

---

[1] Due to Tillett's failure to file a motion seeking a preliminary injunction, discussed below, the parties' arguments for and against such a remedy are presented largely in the briefing on Tillett's separate Motion for Judge Watters' Active Involvement in this Case. (Doc. 10.)  The Court will treat the briefing on that separate motion as the primary source of briefing on Tillett's motion, with citation to other documents in the record where appropriate.

1

the parties' arguments and submissions, the Court recommends that Tillett's motion be DENIED.

## II. Pertinent Facts

This lawsuit follows a 2014 lawsuit in which Tillett challenged Defendant BLM's decision to conduct prescribed burns on certain sections of the PMWHR. *Tillett v. BLM, et al.*, CV 14-73-BLG-SPW (the "2014 litigation"). Tillett's claims in the 2014 litigation are similar – and in many cases identical – to the claims she has made here. (*See generally* Doc. 1.) Given the similarities between the two lawsuits, the Court will not reproduce here the factual background from the previous litigation, which is available in the Court's Order and Opinion in that case. *See Tillett v. BLM, et al.*, CV 14-73-BLG-SPW (D. Mont. Aug. 28, 2015).

Pertinent to this motion is that the 2014 litigation resulted in summary judgment in favor of the defendants, with the sole exception that BLM failed to comply with its National Environmental Policy Act obligation to take a "hard look" at the impacts of the prescribed burns on sensitive species in the area, in particular the Clark's Nutcracker. (*Id*. at 18.) BLM revised and resubmitted the associated environmental assessment ("EA") in response to the Court's ruling. (Doc. 15 (Administrative Record at 975, *et seq*.).) The instant lawsuit is Tillett's challenge to the revised EA, wherein she argues, among other things, that BLM did not take a "hard look" at the prescribed burn's potential impacts on the Clark's

2

Nutcracker as directed, but instead illegally removed the Clark's Nutcracker from the list of sensitive species, thereby sidestepping the Court's order altogether. (Doc. 1-1 at 11-15.)

### III. Parties' Arguments

Tillett argues that a preliminary injunction should issue to prevent Defendants (specifically Defendant BLM) from implementing the prescribed burn plan "for at least this fall schedule, in the year 2016" in order that "all Parties can peacefully, argue and 'sort out the issues' without undue worry.'" (Doc. 1-1 at 23.[2]) She also requests a preliminary injunction relative to the "utilization of poisons on the PMWHR." (Doc. 10 at 2.)

In support of her injunction request, Tillett invokes the First and Fifth Amendments to the U.S. Constitution, the Migratory Bird Treaty Act, Migratory Bird Executive Order 13186, the Bald and Golden Eagle Protection Act ("BGEPA), "the Eagle Act,"[3] and an unspecified 2013 environmental impact

---

[2] As this Court has noted in the past, Tillett's pleadings are replete with emphasis such as bolding, capitalization, etc. *See Tillett v. BLM, et al.*, CV 15-48-BLG-SPW-CSO (D. Mont. April 4, 2016 (Doc. 41 at 12, n. 4)). The Court will continue its practice of omitting such emphasis when quoting from Tillett's filings.

[3] The Court is not aware of any federal law called "the Eagle Act." All references to "the Eagle Act" the Court has been able to locate are shorthand references to the BGEPA. *See*, e.g, *Protect our Communities Foundation v. Jewell*, 825 F.3d 571, 576 (9th Cir. 2016). Tillett does not include a statutory citation for "the Eagle Act," so the Court is unable to confirm the existence of this supposed authority.

3

statement prepared by BLM. She does not identify the legal basis for a preliminary injunction within these or any laws. (Doc 1-1 at 23.)

Defendants respond first that Tillett has not filed a valid motion for a preliminary injunction, and therefore the issue is not properly before the Court. (Doc. 13 at 3-4.) Defendants argue alternatively that, even if Tillett's preliminary injunction request were ripe for consideration, she has failed to establish either a likelihood of irreparable harm or a high likelihood of success on the merits, and her request therefore should be denied. (*Id.* at 5-8.) Notably, Defendants have filed with the Court a Notice of Delayed Implementation of Prescribed Burn Decision, which filing contains the Declaration of James M. Sparks, Billings BLM Field Manager, attesting that "[t]he earliest the BLM would initiate prescribed fire treatments would be mid-to late September 2017." (Doc. 7-1 at ¶ 13.)

Tillett replies that she does not trust Defendants, and that the Court should not accept their word with respect to the delayed implementation. (Doc. 14 at 11.) Tillett replies further that, even if Defendants are forthrightly stating their present implementation plans, an injunction should still issue to prevent Defendants from unilaterally and without penalty deciding to initiate the prescribed burn earlier than promised. (*Id.*)

## IV. Legal Standard

"A preliminary injunction is an extraordinary and drastic remedy." *Munaf v. Geren*, 553 U.S. 674, 689 (2008) (quotations omitted). To obtain a preliminary injunction, a plaintiff must show that: (1) she is likely to succeed on the merits; (2) she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in her favor; and (4) an injunction is in the public interest. *Winter v. Nat. Resources Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

## V. Discussion

### A. The Court should construe Tillett's preliminary injunction request as a motion.

Defendants argue correctly that Tillett has not filed a proper motion for an injunction. *See* L.R. 7.1. Because Tillett is proceeding *pro se*, however, the Court must "construe pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988). The Court therefore should construe the request for preliminary injunction contained in Tillett's Complaint as a motion.

With that said, the Local Rules for the District of Montana provide that self-represented litigants such as Tillett remain "bound by the federal rules and all applicable local rules." L.R. 83.8(a). This Court has stricken Tillett's filings in the past for failure to comply with the Local Rules. *See Tillett v. BLM, et al.*, CV 15-48-BLG-SPW-CSO (D. Mont. Feb. 2, 2016). Given Tillett's lengthy history in this

Court, past instructions provided to her regarding compliance with the Local Rules, and her ongoing failure to heed those instructions, the Court is not inclined to consider any future filings that do not substantially conform to the Local Rules.[4]

**B. Tillett's request for preliminary injunction should be denied.**

As with each of Tillett's previous motions for preliminary injunction, she has failed to identify a source of substantive law that could afford her the relief she requests. The Court should deny her motion accordingly, as it has done in the past when faced with similar requests from Tillett. *See Tillett v. BLM*, CV 12-87-BLG-RFC (D. Mont. July 10, 2012); *Tillett v. BLM, et al.*, CV 14-73-BLG-SPW (D. Mont. June 11, 2014); and *Tillett v. BLM, et al.*, CV 15-48-BLG-SPW (D. Mont. June 29, 2015).

Notwithstanding that deficiency, Tillett also has failed to show that she is likely to suffer irreparable harm from any prescribed burns in the absence of preliminary relief. Defendants' declaration that no burn treatments will be initiated prior to September of 2017 moots Tillett's request that the Court enjoin Defendants "for at least this fall schedule, in the year 2016." In promising not to initiate any burns until the fall of 2017 at the earliest, Defendants essentially have stipulated to the relief Tillett sought with her preliminary injunction request. Furthermore, the

---

[4] The Local Rules are available on the Court's website at http://www.mtd.uscourts.gov/local-rules.

Supreme Court has emphasized that a plaintiff must show irreparable harm is "likely" and that the mere "possibility" of irreparable harm is insufficient to justify an injunction. *Herb Reed Enterprises, LLC v. Florida Entertainment Management, Inc.*, 736 F.3d 1239, 1249 (9th Cir. 2013) (citing *Winter*, 555 U.S. at 22). Even granting *arguendo* that it is a "possibility" that Defendants will not adhere to their promised date, that alone is not sufficient to justify a preliminary injunction. *Id.*

Regarding her request for a preliminary injunction relative to the use of "poisons" on the PMWHR, Tillett notes that Defendants' notice of delayed implementation of any prescribed burn does not address the utilization of chemical treatments. (Doc. 10 at 2.) As pointed out by Defendants, however, the Court previously addressed the possible use of pesticides in the 2014 litigation. (Doc. 13 at 7.) The Court found that the use of pesticides was appropriately considered in the 2014 EA, and that the BLM's decision and analysis of the issue was not arbitrary and capricious. *Tillett*, CV 14-73-BLG-SPW (D. Mont. Aug. 28, 2015 (Doc. 35 at 15)). Since the Court has previously considered and decided this issue adversely to Tillett, she is unable to demonstrate that she is likely to succeed on the merits.

## VI. Conclusion

Based on the foregoing, **IT IS RECOMMENDED** that Tillett's Motion for Preliminary Injunction (Doc. 1) be **DENIED**.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of United States Magistrate Judge upon the parties. The parties are advised that, pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court, and copies served on opposing counsel, within fourteen (14) days after entry hereof, or objection is waived.

DATED this 30th day of January, 2017.

/s/ Timothy J. Cavan
TIMOTHY J. CAVAN
United States Magistrate Judge