# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| JERRI JOETTE TILLETT,<br><br>Plaintiff,<br><br>vs.<br><br>BUREAU OF LAND MANAGEMENT, INTERIOR BOARD OF LAND APPEALS, and DEPARTMENT OF THE INTERIOR,<br><br>Defendants. | CV 16-148-BLG-SPW-TJC<br><br>**ORDER** |

Pending before the Court is Plaintiff Jerri Joette Tillett's ("Tillett") Motion for Judge Watters' Active Involvement in this Case. (Doc. 10.) Tillett's motion presents three discrete issues for the Court's review:

    1.    Tillett seeks action on her preliminary injunction request;

    2.    Tillett seeks U.S. Magistrate Judge Ostby's removal from the case; and

    3.    Tillett requests that the Administrative Procedure Act not apply to this case.

Except with respect to Tillett's renewed request for preliminary injunction, which is dealt with separately in the Court's concurrently filed Findings and Recommendation (Doc. 17), Tillett's motion is DENIED in full.

1

## I. Preliminary Injunction Request

Tillett seeks action on the request for a preliminary injunction appearing in her initial Complaint. (*See* Docs. 1-1 at 23; 10 at 1-2.) Tillett's preliminary injunction request is dealt with separately in the Court's Findings and Recommendations, entered January 30, 2017. (Doc. 17.)

## II. Removal of Magistrate Judge Carolyn S. Ostby

As Tillett recognizes (Doc. 10 at 11), this case has been reassigned to Magistrate Judge Timothy J. Cavan. (Doc. 8.) Tillett's Motion for Judge Ostby's removal is denied as moot.

## III. Application of the Administrative Procedure Act

Tillett requests that the Court adjudicate this case without application of the Administrative Procedure Act ("APA;" 5 U.S.C. § 701, *et seq.* (2000)). (Doc. 10 at 3-4.) Tillett explains that "[i]t has been [her] experience that [she has] an actual 'zip-to-zero' chance of actually prevailing in any of [her] arguments utilizing the [APA]." (*Id.* at 3.) Essentially, Tillett is arguing that the APA affords too much deference to the Defendants, and that she would prefer a standard more advantageous to her as plaintiff. She proposes a format whereby the Defendants respond to the opening brief she submitted along with her Complaint (Doc. 1-1), and that she be given a chance to "respond in the usual timely manner with [her]

2

answer." (Doc. 10 at 4.) Tillett argues that such a format will encourage impartiality by the Court. (*Id.*)

Defendants respond first that the application of the APA and the standard of review appropriate in this case are best left to the merits briefing. (Doc. 13 at 8.) Nevertheless, Defendants argue that, based on the allegations contained in Tillett's Complaint, the only viable basis for this lawsuit is a review of final agency action under the National Environmental Policy Act ("NEPA"), which is governed by the APA. (*Id.* at 8.) To the extent that Tillett invokes the Migratory Bird Treaty Act ("MBTA") and the Bald and Golden Eagle Protection Act ("BGEPA"), Defendants argue those laws do not contain private rights of action, and therefore also are reviewable only under the APA. (Doc. 13 at 9.)

Tillett replies with non-specific denials of the APA's applicability to this case. (Doc. 14 at 4-9.) She suggests a format similar to the format utilized in *Tillett, et al. v. BLM*, CV 12-87-BLG-RFC, which she apparently found to be more friendly to her than the treatment she has received in cases involving the APA. (*Id.* at 6.) Finally, she argues that the Court should adopt a format that is acceptable to her and refuse to adopt a format that is unacceptable to her. (*Id.*)

First, it is clear from Tillett's briefing that she does not understand the purpose and limitations of the APA. The APA is not a format for deciding cases. The APA has no bearing on the Court's briefing schedule, the number of pages

allotted to Tillett's filings, the availability of reply briefs, or which party has the "offensive" or "defensive" position in this or any case.

What the APA does do is provide plaintiffs like Tillett with an avenue to seek judicial review of certain administrative actions when the laws permitting those actions do not contain private rights of suit. 5 U.S.C. § 704 (2000). When the Court must determine whether an agency's action is permitted by a law that does not contain a private right of suit, the APA governs the Court's review of that action. *In Defense of Animals v. U.S. Dept. of Interior*, 751 F.3d 1054, 1061 (9th Cir.). Defendants argue that neither NEPA, the MBTA, nor the BGEPA contain private rights of action. (Doc. 13 at 8-9.) Tillett does not present the Court with any statute or case law suggesting otherwise.[1]

Regardless, Defendants are correct that the standard of review to apply in this case is a proper subject of the merits briefing. Accordingly, Tillett's Motion with respect to the APA is denied as premature. The parties may raise these arguments again in their principal briefs. If Tillett intends to argue again that the

---

[1] The Court notes Tillett's request that the Court "utilize a format similar to the one utilized in" *Tillett*, CV 12-87-BLG-RFC, presumably suggesting that the APA was not implicated in that case. (Doc. 14 at 6.) Tillett is correct, as far as it goes, but only because the Court dismissed her case as moot without reaching the issue of the APA's applicability. *Tillett*, CV 12-87-BLG-RFC (D. Mont. Feb. 7, 2013 (Doc. 21 at 4)) ("Setting aside considerations raised by the BLM concerning the [APA] and mandamus issues, the Court finds the mootness of the controversy dispositive.").

APA does not apply, she must advance specific legal arguments in favor of that proposition; merely repeating, however vociferously, that she would prefer the APA not apply will not suffice to persuade the Court.

## VI.  Conclusion

Based on the foregoing, **IT IS ORDERED** that Tillett's Motion for Judge Watters' Active Involvement in this Case is **DENIED**, except as to Tillett's renewed request for preliminary injunction, which is addressed separately in the Court's Findings and Recommendation (Doc. 17).

DATED this 30th day of January, 2017.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge