IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

FILED
APR 11 2017
Clerk, U.S. District Court
District Of Montana
Billings

JERRI JOETTE TILLETT,

Plaintiff,

vs.

BUREAU OF LAND MANAGEMENT, INTERIOR BOARD OF LANDS APPEALS, and DEPARTMENT OF THE INTERIOR

Defendants.

CV 16-148-BLG-SPW

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS

Plaintiff Jerri Joette Tillett brought this action seeking to stop alleged ongoing malfeasance by Defendants Bureau of Land Management ("BLM"), Interior Board of Land Appeals ("IBLA"), and Department of the Interior ("DOI") (collectively, "Defendants"), with respect to the Pryor Mountain Wild Horse Range ("PMWHR"). Specifically, Tillett seeks to prevent the Defendants from implementing a prescribed burn in the PMWHR "for at least this fall schedule, in the year 2016." (Doc. 1-1 at 23). Tillett also seeks to prevent the Defendants from the "utilization of poisons on the PMWHR." (Doc. 10 at 2).

Pending before the Court are United States Magistrate Judge Timothy Cavan's Findings and Recommendations on Tillett's Motion for Preliminary Injunction. (Doc. 17). Judge Cavan recommends that this Court deny Tillett's

1

Motion for Preliminary Injunction because she is unlikely to succeed on the merits and is unlikely to suffer irreparable harm. (Doc. 17 at 6-7). Tillett filed timely objections to the Findings and Recommendations. (Doc. 23).

## I. Statement of facts

Tillett does not object to the Statement of Facts contained in Judge Cavan's Findings and Recommendations. Judge Cavan's Statement of Fact are therefore adopted in full.

## II. Applicable law

### A. Standard of review

A district court reviews de novo any part of a Magistrate Judge's Findings and Recommendations to which there has been proper objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

### B. Preliminary injunction

"A preliminary injunction is an extraordinary and drastic remedy." *Munaf v. Geren*, 553 U.S. 674, 689 (2008) (quotations omitted). To obtain a preliminary injunction, a plaintiff must show that: (1) she is likely to succeed on the merits; (2) she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in her favor; and (4) an injunction is in the public interest. *Winter v. Nat. Resources Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

## III. Discussion

Judge Cavan recommends denying Tillett's Motion for a Preliminary Injunction for two reasons. First, Judge Cavan recommends Tillett will not suffer irreparable harm before the Court can issue a decision on the merits because the earliest the prescribed burn will take place is September 2017. (Doc. 17 at 6). Second, Judge Cavan recommends Tillett is unlikely to succeed on the merits of her poisons claim because this Court already decided the issue of poisons in the PMWHR adversely to Tillett. (Doc. 17 at 7 (citing *Tillett v. BLM, et al.*, CV 14-73-BLG-SPW (D. Mont. (Doc. 35 at 15))).

Tillett objects. First, Tillett argues the Defendants cannot be trusted to delay implementation of the prescribed burn. (Doc. 23 at 6). Second, Tillett argues the Court's prior order was based on lies by the Defendants. (Doc. 23 at 7). The Court agrees with Judge Cavan.

### A. Tillett has not shown she will likely suffer irreparable harm before the Court can issue a decision on the merits

The mere possibility of irreparable harm is insufficient to justify an injunction. *Herb Reed Enterprises, LLC v. Florida Entertainment Management, Inc.*, 736 F.3d 1239, 1249 (9th Cir. 2013). Instead, a party seeking a preliminary injunction must show irreparable harm is likely. *Herb Reed Enterprises*, 736 F.3d at 1249.

Here, Tillett has failed to carry her burden that irreparable harm is likely. The only evidence in the record concerning the date of the prescribed burn is Defendants' Notice of Delayed Implementation of Prescribed Burn Decision and the accompanying affidavit of James M. Sparks, Field Manager for the Billings Field Officer of the Montana State Office, Bureau of Land Management. The Notice and accompanying affidavit state no prescribed burn will take place before September 2017. Although Tillett alleges generally that the Defendants "can't be TRUSTED," (Doc. 23 at 6) (emphasis original), she has provided no evidence that the Defendants will initiate the prescribed burn sooner than September 2017. Tillett has failed to establish irreparable harm is likely.

### B.  The Court has already determined the issue of the use of poisons in the PMWHR adversely to Tillett

Res judicata is applicable whenever there is (1) an identity of claims; (2) a final judgment on the merits; and (3) privity between parties. *Stratosphere Litigation, L.L.C. v. Grand Casinos, Inc.*, 298 F.3d 1137, 1142 n. 3 (9th Cir. 2002).

Tillett makes general allegations regarding the use of "POISONS," (Doc. 23 at 6-7) (emphasis original), but provides no specifics. Judge Cavan correctly noted that the Court previously addressed the use of poisons in the PMWHR in a prior order. (Doc. 17 at 7 (citing *Tillett*, CV 14-73-BLG-SPW (D. Mont. (Doc. 35 at 15))). The Court's order concluded the 2014 Environmental Assessment appropriately restricted the use of poisons in the PMWHR to those "previously

4

vetted through the prior Vegetation Treatment EIS conducted in 2007." *Tillett*, CV 14-73-BLG-SPW (D. Mont. (Doc. 35 at 15)). Tillett apparently wishes to litigate the use of poisons again, but has not articulated how her claim is different than the claim addressed in the Court's prior order. The Court therefore has no option but to conclude the present poisons claim is identical to the prior poisons claim, satisfying the first element of res judicata. *Stratosphere Litigation*, 298 F.3d at 1142 n. 3. The other two elements of res judicata are met because the Court issued an adverse final judgment on the merits of the prior poisons claim and the parties are identical. *Tillett*, CV 14-73-BLG-SPW (D. Mont. (Doc. 35 at 15)); *Stratosphere Litigation*, 298 F.3d at 1142 n. 3. Therefore, Tillett is unable to show she is likely to succeed on the merits of the present poisons claim unless and until she articulates how the present poisons claim is different than the prior poisons claim.

## IV. Conclusion

IT IS ORDERED that the proposed Findings and Recommendations entered by United States Magistrate Judge Cavan (Doc. 17) are ADOPTED IN FULL.

IT IS FURTHER ORDERED that Plaintiff Jerri Tillet's Motion for Preliminary Injunction (Doc. 1) is DENIED.

5

DATED this 11th day of April, 2017.

/s/ Susan P. Watters
SUSAN P. WATTERS
United States District Judge